UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

SHANNON COPELAND,

    Petitioner,

v.                                                   Case No. 4:18-cv-173-RH/MJF

SECRETARY, DEPARTMENT OF
CORRECTIONS,

    Respondent.
                                         /

## REPORT AND RECOMMENDATION

This habeas case, filed under 28 U.S.C. § 2254, is before the court upon Petitioner Shannon Copeland's "Request for Modification of Custody" (Doc. 26), in which she seeks release on bond pending resolution of her habeas petition. The undersigned concludes that Copeland is not entitled to the extraordinary relief she seeks.[1]

---

[1] This case was referred to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b).

## I. Background

Copeland's habeas petition challenges her conviction and subsequent revocation of probation in Liberty County Circuit Court Case No. 2007-CF-60. (Doc. 1). Copeland's underlying conviction is for Resisting a Law Enforcement Officer with Violence. (*Id.*). Copeland's petition raises four grounds for relief: (1) "Sentenced as incompetent without being adjudicated competent;" (2) "Sentenced based on unsubstantiated allegation;" (3) "Charges based on false report of police officer who lied to cover up abuse;" and (4) "Plea not voluntary." (Doc. 1 at 5–11). The State filed an answer to the petition on November 27, 2018, (Doc. 19), and Copeland replied on May 24, 2019, (Doc. 23).

## II. Discussion

In *Gomez v. United States*, 899 F.2d 1124 (11th Cir. 1990), the Eleventh Circuit set forth the applicable standard for granting release pending the outcome of a habeas petition:

> A prisoner seeking release pending habeas corpus can be granted bail under two sets of circumstances: first, he must demonstrate a likelihood of success on the merits of a substantial constitutional claim; second, extraordinary and exceptional circumstances must exist which make the grant of bail necessary to preserve the effectiveness of the habeas corpus relief sought.

*Gomez*, 899 F.2d at 1125; *see also Aronson v. May*, 85 S. Ct. 3, 4–5 (1964). Copeland alleges that she is entitled to release on bond because: (1) she is due to be released

in two years, (2) she has been denied appointed habeas counsel, (3) she has inadequate access to the prison law library, (4) she has received several "false/retaliatory" disciplinary convictions, (5) her sentence was excessive, and (6) she is innocent of the crime. (Doc. 26). These allegations do not show the existence of any circumstance making Copeland's habeas application exceptional and deserving of special treatment in the interests of justice. Copeland is not entitled to the extraordinary relief of release on bail.

## III.  Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A district court's order denying bond is a final appealable order under the collateral order doctrine; therefore, a petitioner must have a certificate of appealability ("COA") to proceed on appeal. *See Pagan v. United States*, 353 F.3d 1343, 1346 (11th Cir. 2003). If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (quoting *Miller-El*, 537 U.S. at 327). Here, Petitioner has not made the requisite demonstration. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." 28 U.S.C. § 2254 Rule 11(a). If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

## IV.   Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Petitioner's "Request for Modification of Custody" (Doc. 26), be **DENIED**.

2. The District Court **DENY** a certificate of appealability.

3. This case be remanded to the undersigned for further proceedings on Petitioner's habeas petition.

At Pensacola, Florida, this <u>14th</u> day of November, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**